UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|                                |                                       |
|--------------------------------|---------------------------------------|
| IRENE FIORELLO,                |                                       |
| Plaintiff,                     | Civil Action No. 19-10542 (MAS) (TJB) |
| v.                             | **MEMORANDUM ORDER**                  |
| SANTANDER BANK, et al.,        |                                       |
| Defendants.                    |                                       |

This matter comes before the Court upon pro se Plaintiff Irene Fiorello's ("Plaintiff") Application for a Temporary Restraining Order ("TRO").[1] (Pl.'s Appl., ECF No. 49.) Plaintiff's Application has been entered on CM/ECF, but no Defendants[2] have responded. The Court has carefully considered Plaintiff's submission, and, pursuant to Local Civil Rule 78.1, decides the matter without oral argument. For the reasons set forth below, Plaintiff's Application is denied.

The standards for reviewing an application for a TRO are the same as those for a preliminary injunction. *See, e.g., Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). "Preliminary injunctive relief is an extraordinary remedy and should be granted only in limited circumstances. *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (internal quotation marks and citation omitted). This remedy should be granted only if: (1) the plaintiff is likely to succeed on

---

[1] Plaintiff styles her motion as "Emergent Motion for an Order to Show Cause to Stay the Sheriff's Sale." Plaintiff seeks "the entry of an Order directing Defendants to stay the Sheriff's Sale of property located at 58 Heron Court, Manalapan, New Jersey." (Pl.'s Appl. 1, ECF No. 49.) The Court considers this motion as an application for a TRO.

[2] Defendants are Santander Bank, Ocwen Loan Servicing LLC, IndyMac Bank, One West Bank, CIT Group Inc., Deutsche Bank, MERSCORP Holdings, Inc., Federal Deposit Insurance Company, and Intercontinental Exchange (collectively, "Defendants").

the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest. *Hartmann v. Maybee-Freud*, 279 F. App'x 142, 144 (3d Cir. 2008). The burden is on the party seeking the TRO to "establish every element in [her] favor, or the grant of a [TRO] is inappropriate." *P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC*, 428 F.3d 504, 508 (3d Cir. 2005) (citing *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999)).

Here, Plaintiff does not explicitly address any of the aforementioned factors. The Court construes Plaintiff's motion liberally, however, because Plaintiff is a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even construing Plaintiff's motion liberally, Plaintiff fails to establish that the denial of her Application will result in emergent, irreparable harm or that Plaintiff is likely to succeed on the merits.

First, Plaintiff fails to establish emergent, irreparable harm because Plaintiff fails to provide any support, other than her assertion in her Application, that a sheriff's sale is scheduled to occur. Plaintiff seeks a stay of a sheriff's sale, yet she does not provide the Court with any documentation of the sheriff's sale.[3]

---

[3] Plaintiff subsequently filed correspondence purportedly from Adirondack Enterprises. (*See* Correspondence 1, ECF No. 50.) Plaintiff alleges Adirondack Enterprises possesses the "only valid Promissory Note on Plaintiff's property," and that Adirondack Enterprises "'objects' to the Defendants' alleged claim against Plaintiff's property." (Pl.'s Appl. 2.) The correspondence states that Adirondack Enterprises was never "served with any other document or legal notice in relation to the Sheriff's Sale" but that it "understand[s] that Deutsche Bank and [its] attorneys have scheduled a Sheriff's sale without providing Notice to Adirondack Enterprises." (Correspondence 1.) The correspondence requests that the Court "cancel the Sheriff's sale" because "Adirondack Enterprises is entitled to the proceeds of the Sheriff's sale." (*Id.*) The correspondence is unpersuasive because: (1) the letter is not supported by a valid certification, indeed it is unclear whether the signor, David Frank, is an attorney or principal for Adirondack Enterprises; and (2) the letter further fails to provide any documentation of the sheriff's sale, serving only to document the lack of documentation.

2

Second, the documentation that Plaintiff provides fails to establish that she is likely to succeed on the merits. Plaintiff provides the Court with a July 14, 2017 Order of Discharge and correspondence from the Hon. Michael B. Kaplan, U.S.B.J., purportedly as "evidence the Defendants don't necessarily have the right to take possession of Plaintiff's property." (Pl.'s Appl. 1.) As those documents make clear, however, Plaintiff was informed that a bankruptcy discharge does not prevent a creditor from pursuing an *in rem* mortgage foreclosure action on Plaintiff's mortgaged property. (Bankruptcy Ct. Correspondence 1–2 (citing *Johnson v. Home State Bank*, 501 U.S. 78, 79 (1991)), ECF No. 49 at *8–9.[4])[5]

The Court finds that Plaintiff failed to demonstrate she is entitled to a temporary restraining order. Accordingly, **IT IS** on this 2nd day of December 2019, **ORDERED** that Plaintiff's Motion for an Order to Show Cause (ECF No. 49) is **DENIED**.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[4] Page numbers preceded by an asterisk refer to the page numbers on the ECF header of Plaintiff's Application.

[5] The Court notes that Plaintiff appears to use her Application as an opportunity to litigate her pending Motion to Produce the Note seeking to compel Defendants to produce her original mortgage note. (*See* Pl.'s Appl. 1 ("The sale must be stayed until the Defendants produce the ORIGINAL ink-signed IndyMac Bank Promissory Note to the Court . . . ."); Mot. to Produce the Note, ECF No. 27.) The Court also notes that Defendants CIT Group Inc. and One West Bank raise issues of the Court's jurisdiction, arguing that the *Rooker-Feldman* Doctrine precludes the Court's review of Plaintiff's Complaint because it seeks review of a state-court judgment. (*See* Mot. to Dismiss 9–11, ECF No. 30.) The Court need not reach these issues here because Plaintiff's Application fails to establish grounds to grant a TRO.

3