**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

IRENE FIORELLO,

              Plaintiff,

           v.

SANTANDER BANK, et. al.

              Defendants.

Civil Action No. 19-10542 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

      This matter comes before the Court upon three motions to dismiss pro se Plaintiff Irene Fiorello's ("Plaintiff") Third Amended Complaint ("TAC," ECF No. 8): (1) Ocwen Loan Servicing, LLC ("PHH") and Deutsche Bank National Trust Company's ("Deutsche Bank") (collectively, "PHH Defendants") Motion to Dismiss (ECF No. 25); (2) CIT Group Inc. and OneWest Bank's (collectively, "CIT Defendants") Motion to Dismiss (ECF No. 30); and (3) Federal Insurance Deposit Company ("FDIC") as receiver for IndyMac Bank, F.S.B. ("IndyMac") and IndyMac Federal Bank's ("IndyMac Federal") Motion to Dismiss (ECF No. 54). Plaintiff filed opposition to the Motions (ECF Nos. 33, 56, 57), and replies were filed by PHH Defendants as well as CIT Defendants (ECF Nos. 46, 52).

      The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants Defendants' motions to dismiss.

I.    **BACKGROUND**[1]

On January 26, 2005, Plaintiff executed a Promissory Note ("Loan") to IndyMac to secure

the sum of $258,400.00. (Note at *2,[2] Ex. A to PHH Defs.' Mot. to Dismiss, ECF No. 25-5.) As

security for the Loan, Plaintiff executed a non-purchase money mortgage (the "Mortgage") to

Mortgage Electronic Registration Systems, Inc., as Nominee for IndyMac ("MERS"). (Mortgage

at *4, Ex. B to PHH Defs.' Mot. to Dismiss, ECF No. 25-6.)  The Mortgage was secured against

real property located at 58 Heron Court, Manalapan, New Jersey 07726 (the "Property"). (*Id.*

at *5.) On April 22, 2013 MERS assigned the Mortgage to Deutsche Bank. (Assignment *2, Ex.

C to PHH Defs.' Mot. to Dismiss, ECF No. 25-7.)

Plaintiff alleges that in 2005, she provided IndyMac with written authorization to withdraw

funds from her Sovereign Bank (now Santander Bank) checking account. (TAC *3, ECF No. 8.)

Plaintiff alleges she later rescinded the authorization on March 31, 2007. (*Id.*) Plaintiff alleges that

IndyMac Federal and OneWest Bank, despite rescission of the withdrawal authorization, continued

withdrawing funds from her Santander checking account from May 2007 until November 2012

---

[1] In connection with the instant Motions, the parties submit records pertaining to the state court
foreclosure proceeding. The Court uses these records as a means of "establish[ing] the nature and
scope of [the] prior proceedings between the parties." *Farah v. Lasalle Bank Nat'l Ass'n*,
No. 15-2602, 2016 WL 1162644, at *5–6 (D.N.J. Mar. 23, 2016) (stating that "records of the
foreclosure action that are intrinsic to the complaint may be considered"). When deciding a motion
to dismiss, courts may consider not only allegations contained in the complaint, but also matters
of public record, and documents integral to or explicitly relied upon in the complaint. *Doe v. Univ.
of Scis.*, 961 F.3d 203, 208 (3d Cir. 2020) (internal citations omitted). Prior judicial opinions,
including those of state courts, are matters of public record. *Smith v. Lynn*, 809 F. App'x 115, 117
(3d Cir. 2020). The court may also rely on "undisputedly authentic documents" supplied by a
defendant "if the complainant's claims are based upon these documents. *Wolfington v.
Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 197 (3d Cir. 2019) (internal citations
omitted). Such reliance will not convert a motion to dismiss to one for summary judgment. *Doe*,
961 F.3d at 208.

[2] Page numbers preceded by an asterisk refer to the page number of the ECF header.

without her consent. (*Id.*) Plaintiff further alleges she incurred $78,163.12 in damages on April 22, 2013 for an unauthorized electronic withdrawal from her Santander checking account, and $51,302.58 in damages for an unauthorized electronic withdrawal from her Santander money market account on April 26, 2013. (*Id.*)

On July 11, 2008, the U.S. Department of Treasury's Office of Thrift Supervision seized control of IndyMac, named the FDIC as both receiver and conservator, and transferred certain assets to a new entity, IndyMac Federal (TAC *22.) In March 2009, substantially all of IndyMac Federal's assets were sold to OneWest Bank, including its mortgage servicing operations, and IndyMac Federal was closed and placed into FDIC receivership. (*Id.* at *22–23.) Accordingly, OneWest became the servicer of Plaintiff's Loan from March 1, 2009, until it transferred servicing to PHH on December 1, 2013. (Opp'n to Final J. in State Foreclosure Proceeding at *4, Ex. O to CIT Defs.' Mot. to Dismiss, ECF No. 30-17.) On August 3, 2015, CIT Group Inc. purchased OneWest Bank and assumed Plaintiff's Loan. (CIT Defs.' Moving Br. 3, ECF No. 30-1.)

On November 12, 2009, the FDIC determined there were insufficient assets in the receiverships of IndyMac Bank and IndyMac Federal to make any distribution on general unsecured claims or lower priority claims, and that such claims have no value. (November 12, 2009 FDIC Board Resolution No. 077403 at *6–8, Ex. A to Green Decl., ECF No. 54-4; *see also* FDIC Determination of Insufficient Assets, 74 Fed. Reg. 59,540, 59,540–41 (Nov. 19, 2009), Ex. B to Green Decl., ECF No. 54-4.) After learning of Plaintiff's alleged claims in this lawsuit, FDIC sent Plaintiff Discovered Creditor Notices on October 29, 2019. (FDIC Correspondence, Ex. C to Grieser Decl. at *27–34, ECF No. 54-3.) The notices informed Plaintiff of the FDIC's Insufficient Assets Determination, and that general unsecured claims, like Plaintiff's, will recover nothing and therefore have no value. (*Id.* at *27, 31.)

On September 1, 2012, Plaintiff defaulted on her mortgage. (Foreclosure Action Compl. ¶ 7, Ex. A to CIT Defs.' Mot. to Dismiss, ECF No. 30-3.) As a result of Plaintiff's default, on June 22, 2016, Deutsche Bank commenced foreclosure proceedings ("Foreclosure Action") in the Chancery Division of the New Jersey Superior Court, Monmouth County. (*See generally id.*) Plaintiff appeared in the Foreclosure Action by filing a Contesting Answer, Counterclaim, Cross-Claim, Third Party Complaint, and Jury Demand on August 16, 2016. (*See generally* Foreclosure Action Answer, Ex. B to CIT Defs.' Mot. to Dismiss, ECF No. 30-4.)

On April 11, 2017, Plaintiff filed for Chapter 7 Bankruptcy Protection. (Notice of Bankruptcy Filing, Ex. F to CIT Defs.' Mot. to Dismiss, ECF No. 30-8.) On May 31, 2017, the Chapter 7 Trustee filed a Notice of Proposed Abandonment for the Property, and on June 27, 2017, the Property was abandoned from the Bankruptcy Estate.[3] (Notice of Proposed Abandonment, Ex. G to CIT Defs.' Mot. to Dismiss, ECF No. 30-9; Certification of No Objection, Ex. H to CIT Defs.' Mot. to Dismiss, ECF No. 30-10.) On August 16, 2017, Deutsche Bank moved for summary judgment in the Foreclosure Action. (Foreclosure Case Summ. at *5, Ex. C to CIT Defs.' Mot. to Dismiss, ECF No. 30-5.) On September 5, 2017, Plaintiff cross-moved for summary judgment. (*Id.*) On September 28, 2017, the court denied Plaintiff's cross-motion and granted Deutsche Bank's motion for summary judgment. (*Id.*) On October 17, 2017, Plaintiff moved for reconsideration, which was subsequently denied. (*Id.* at *5–6.) On March 18, 2019, Deutsche Bank

---

[3] A Notice of Abandonment enables a trustee to abandon—release or remove from the estate—property that is burdensome to the estate or that is of inconsequential value and benefit to the estate. 11 U.S.C. § 554(a). Upon the filing of the Certification of No Objection, the property is abandoned from the estate, no longer subject to the automatic bankruptcy stay, and secured creditors may pursue remedies against the property. *Fields v. Bleiman*, No. 06-5451, 2007 WL 2972545, at *2 (D.N.J. Oct. 10, 2007) ("The Automatic Stay provisions of 11 U.S.C. § 362(a) do not apply to property that has been abandoned pursuant to 11 U.S.C. § 554 and are no longer a part of the debtor's estate."), *aff'd*, 267 F. App'x 144, 145 (3d Cir. 2008).

moved for final judgment, and Plaintiff filed an objection. (*Id.* at *8.) Plaintiff argued that several of the payments on her Loan in 2012 withdrawn from her Santander bank account were not properly credited to her Loan for purposes of determining the amount due. (Opp'n to Final J. at *17, Ex. O to CIT Defs.' Mot. to Dismiss, ECF No. 30-17.) Final Judgment was entered on July 18, 2019 over Plaintiff's objection. (Final J. Order, Ex. P to CIT Defs.' Mot. to Dismiss, ECF No. 30-18; *see* Foreclosure Case Summ. at *8.) Plaintiff did not appeal that decision. (Foreclosure Case Summary at *8–9.)

Prior to final judgment in the Foreclosure Action, Plaintiff initiated this action on April 19, 2019. (*See generally* Compl., ECF No. 1.) Plaintiff asserts claims for breach of contract, various torts, and violations of several criminal statutes. (*See generally* TAC.) Plaintiff seeks damages of $179,465.70 for the alleged unauthorized withdrawals, $4 million in unsubstantiated restitution damages, treble damages, interest, fees, and costs. (*Id.* at *4.)

## II.   LEGAL STANDARD

### 1.   Rule 12(b)(1)

A motion to dismiss pursuant to Rule 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). A motion to dismiss for lack of subject matter jurisdiction may either "attack the complaint on its face . . . [or] attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortenson v. First Fed. Sav. & Loan Ass'n.*, 549 F.2d 884, 891 (3d Cir. 1977).

A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). A court considering a facial challenge construes the allegations in the complaint as

true and determines whether subject matter jurisdiction exists. *Mortenson*, 549 F.2d at 891; *see also Cardio-Medical Assocs. Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983).

A factual attack under Rule 12(b)(1) challenges the very power of a district court to hear a case, independent of the pleadings. *Mortensen*, 549 F.2d at 891. When evaluating a factual challenge, a court "is free to weigh the evidence and satisfy as to the existence of its power to hear the case." *Id.* Unlike a facial analysis, no presumption of truth attaches to plaintiff's allegations in a factual challenge and "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* Furthermore, in a factual challenge, the plaintiff bears the burden of establishing that jurisdiction exists. *Id.*

### 2.    Rule 12(b)(6)

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Importantly, on a Rule 12(b)(6) motion to dismiss, "the defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d. Cir. 2011). "First, the court must 'take[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court must "[review] the complaint to strike conclusory allegations[.]" *Id.* The court must accept as true all the plaintiff's well pleaded

6

factual allegations and "construe the complaint in the light most favorable to the plaintiff[.]" *Fowler v. UMPC Shadyside*, 578 F.3d 210 (3d. Cir. 2009) (citation omitted). In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

Where a plaintiff proceeds pro se, the complaint must be "liberally construed" and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citation omitted). But a pro se litigant "is not absolved from complying with *Twombly* and the federal pleading requirements merely because [the litigant] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010).

## III.  DISCUSSION

### A.  Parties' Positions

PHH Defendants and CIT Defendants argue that there was a final judgment on the merits in the Foreclosure Action. (*See generally* PHH Defs.' Moving Br., ECF No. 25-2; CIT Defs.' Moving Br.) They argue that the *Rooker-Feldman* Doctrine bars the Court from exercising jurisdiction over the claims that are "inextricably intertwined" with the Foreclosure Action.[4] (PHH Defs.' Moving Br. 11–13; CIT Defs.' Moving Br. 9–11.) They further argue that Plaintiff is barred

---

[4] The *Rooker-Feldman* Doctrine does not apply when "state proceedings have neither ended nor led to orders reviewable by the United States Supreme Court." *Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 453, 460 (3d Cir. 2019). "The mere 'pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Id.* (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005)). Because Plaintiff initiated her federal action prior to final judgment in the Foreclosure Action, the Court finds the *Rooker-Feldman* doctrine inapplicable.

by the doctrines of claim and issue preclusion from challenging the final ruling in the Foreclosure Action. (*See* PHH Defs.' Moving Br. 21–27; CIT Defs.' Moving Br. 17–19.) Furthermore, CIT Defendants allege that Plaintiff's claims are barred by the *Younger* Doctrine, which requires federal courts to abstain from exercising jurisdiction where the claims are being litigated in an ongoing state proceeding.[5] (*See* CIT Defs.' Moving Br. 11–12.) Lastly, they argue Plaintiff's claims should be barred by the Entire Controversy Doctrine, which requires the joinder in one action of all claims and parties related to a single underlying transaction. (*See* PHH Defs.' Moving Br. 25; CIT Defs.' Moving Br. 14–17.)

FDIC argues that Plaintiff's claims against it as receiver for IndyMac and IndyMac Federal must be dismissed. (*See generally* FDIC Moving Br., ECF No. 54-2.) FDIC alleges that Plaintiff's claims are moot because there are insufficient assets to satisfy such claims, and as a result, no justiciable case or controversy. (*See id.* 9–15.) Furthermore, FDIC alleges that Plaintiff failed to exhaust administrative remedies, and therefore, the Court lacks subject matter jurisdiction. (*See id.* 16–24.) Lastly, FDIC argues that Plaintiff's claims based on alleged violations of criminal statutes

---

[5] Where there is a pending case in state court, federal courts will abstain from issuing a ruling in accordance with the *Younger* Doctrine. *Zahl v. Harper*, 282 F.3d 204, 208 (3d Cir. 2002). Abstention is appropriate where: "(1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the state proceeding affords an adequate opportunity to raise constitutional challenges." *Id.* at 209. The Court will not address the application of the *Younger* Doctrine here because the state court has since rendered final judgment and the first element can no longer be satisfied. *See Kaul v. Christie*, 372 F. Supp. 3d 206, 232 (D.N.J. 2019) (describing "pending" as when there remains an avenue of state-court judicial review available).

should be dismissed because these statutes do not provide a private right of action for civil liability.[6] (*See id.* 25–26.)

Plaintiff argues that she is not contesting the state court's decision, and that final judgment in the Foreclosure Action does not bar this suit. (Pl.'s Opp'n Br. to PHH Defs.' Mot. at *3, ECF No. 33; Pl.'s Opp'n Br. *3, ECF No. 57.) Plaintiff argues that this suit contains different issues, distinctive parties, and does not arise from the same underlying transaction. (Pl.'s Opp'n Br. *2–3.) Lastly, Plaintiff alleges that she could not bring claims asserting violation of federal statutes and regulations in state court, and should, therefore, not be barred from asserting them in federal court. (*Id.* at *2.)

### B.   Claim Preclusion and Entire Controversy Doctrine

Under the Full Faith and Credit statute, "judicial proceedings of any court of any . . . State . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738. "In other words, a federal court must give the same preclusive effect to a state-court judgment as

---

[6] Plaintiff fails to cite relevant authority for a private right of action for her claims arising from criminal statutes (Counts Five, Eight, Ten, Eleven, and Sixteen), and the Court finds there is no private right of action for any of these claims. *See Boyd v. Wilmington Tr. Co.*, 630 F. Supp. 2d 379, 385 (D. Del. 2009) (no private civil right of action under 18 U.S.C. § 650); *Jenkins v. Fid. Bank*, 365 F. Supp. 1391, 1399 (E.D. Pa. 1973) (no private civil right of action under 18 U.S.C. § 656); *Fed. Sav. & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 137 (4th Cir. 1987) (no private civil right of action under 18 U.S.C. § 657); *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 346 (5th Cir. 1977) (no private civil right of action under 18 U.S.C. § 1341); *Wisdom v. First Midwest Bank*, 167 F.3d 402, 409 (8th Cir. 1999) (no private civil right of action under 18 U.S.C. § 1343); *Park Nat'l Bank v. Michael Oil Co.*, 702 F. Supp. 703, 704 (N.D. Ill. 1989) (no private civil right of action under 18 U.S.C. § 1344); *Dubai Islamic Bank v. Citibank, N.A.*, 126 F. Supp. 2d 659, 668 (S.D.N.Y. 2000) (no private civil right of action under 18 U.S.C. § 1956); *Carr v. Malcolm & Riley, P.C. Pension Tr.*, No. 90-6407, 1991 WL 67749, at *8 (E.D. Pa. Apr. 25, 1991), *aff'd*, 947 F.2d 934 (3d Cir. 1991) (unless in a representative capacity, no individual suits under 29 U.S.C. § 1109). Accordingly, the Court must dismiss these claims.

another court of that State would give." *Rycoline Prods., Inc. v. C&W Unlimited*, 109 F.3d 883, 887 (3d Cir. 1997) (internal quotation marks and citation omitted).

Claim preclusion bars a suit if "(1) the judgment in the first action is valid, final, and on the merits; (2) the parties in both actions are the same or are in privity with each other; and (3) the claims in the second action arise from the same transaction or occurrence as the claims in the first action." *Garris-Bey v. Aurora Loan Servs., LLC*, No. 11-6115, 2012 WL 694719, at *2 (D.N.J. Mar. 1, 2012) (citing *Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 591 A.2d 592, 598 (N.J. 1991)). In *Garris–Bey*, the court found that a federal action following the state foreclosure action alleging "defective assignments of [the plaintiff's] mortgage" was barred by the doctrine of claim preclusion. *Id.* at *1–2. The court explained that the claim preclusion factors were satisfied because: (1) "the Final Foreclosure judgment [was] a valid, final judgment on the merits"; (2) "[t]he [d]efendants were involved in the prior foreclosure action, either as a party or in privity with a party"; and (3) "all of [the plaintiff's] claims [arose] out of the same transaction . . . as the claims in the [prior] Foreclosure Action." *Id.* at *2.

First, in this matter, the final judgment in the Foreclosure Action was a valid, final judgment on the merits. Second, the moving defendants here were all involved in the Foreclosure Action: Plaintiff named Deutsche Bank, PHH, IndyMac, CIT Group, and FDIC in her Contesting Answer, Counterclaim, Cross-Claim, Third Party Complaint, and Jury Demand. (*See generally* ECF No. 30-4.) Finally, in the Foreclosure Action, Plaintiff previously asserted Counts Three (Violation of Bankruptcy Court Rules), Four (Violation of Implied Good Faith), Five (relating to claims of Bank Fraud), Ten (Mail and Wire Fraud), Twelve (Conversion, Unjust Enrichment, and Theft by Deception), Thirteen (Counterfeiting and Forgery), Fourteen (Violation of the New Jersey Consumer Fraud Act), and Seventeen (Intentional Infliction of Emotional Distress). (*Compare*

TAC, *with* Foreclosure Action Mot. for Recons., Ex. M to CIT Defs.' Mot. to Dismiss, ECF No. 30-15.) The remaining claims[7] not specifically repeated in this action all arise out of the same transaction underlying the Foreclosure Action—Plaintiff's Mortgage and default. Accordingly, claim preclusion bars Plaintiff's claims against the parties previously involved in the Foreclosure Action.

Alternatively, Plaintiff's claims are barred by the Entire Controversy Doctrine. As stated above, "a federal court must give the same preclusive effect to a state-court judgment as another court of that State would give." *Rycoline Prods.*, 109 F.3d at 887 (internal quotation marks and citation omitted). Accordingly, a federal court "is bound by New Jersey's Entire Controversy Doctrine, an aspect of the substantive law of New Jersey." *Id.* The New Jersey Supreme Court has described the doctrine's purpose as threefold: "(1) the need for complete and final disposition through the avoidance of piecemeal decisions; (2) fairness to parties to the action and those with a material interest in the action; and (3) efficiency and the avoidance of waste and the reduction of delay." *DiTrolio v. Antiles*, 662 A.2d 494, 502 (1995) (citation omitted). The doctrine "compels the parties, when possible, to bring all claims relevant to the underlying controversy in one legal action. When the court finds that a claim not joined under the original action falls within the scope of the doctrine, that claim is barred." *Coleman v. Chase Home Fin., LLC*, 446 F. App'x 469, 471 (3d Cir. 2011) (citing N.J. Ct. R. 4:30A). This also includes defenses and counterclaims. *Napoli v. HSBC Mortg. Servs. Inc.*, No. 12-222, 2012 WL 3715936, at *3 (D.N.J. Aug. 27, 2012) (citing

---

[7] In this action Plaintiff asserts some new causes of action: Counts One (Negligence); Two (Breach of Contract); Five (Fraud); Six (Fraudulent Misrepresentation); Seven (Violation of UCC Statute of Frauds and RESPA); Eight (Conspiracy to Commit Fraud); Nine (Violation of Fair Debt Collection Practices); Eleven (Money Laundering); Fifteen (Breach of Fiduciary Responsibilities); Sixteen (Depositories Failing to Safeguard Deposits and Violation of Notice and Mailing Requirements). (*Compare* TAC, *with* Foreclosure Action Mot. for Recons.)

*Coleman*, 446 F. App'x at 471). "New Jersey courts have held that the primary consideration in determining if successive claims are part of the same controversy is whether the claims 'arise from related facts or from the same transaction or series of transactions.'" *Coleman*, 446 F. App'x at 471–72 (quoting *DiTrolio*, 142 N.J. at 267).

"In New Jersey, the entire controversy doctrine is limited, in the foreclosure context, to those counterclaims deemed germane under New Jersey Court Rule 4:64-5." *Guaba v. World Sav. Bank*, No. 14-2408, 2014 WL 6870995, at *2 (D.N.J. Dec. 3, 2014) (internal quotation marks omitted). "Claims are considered to be germane to a foreclosure action if they arise out of the mortgage that is the basis of the foreclosure action." *Coleman*, 446 F. App'x at 472 (internal citations omitted). "Courts have viewed several types of claims germane to a New Jersey foreclosure action, including those challenging the circumstances surrounding origination of the loan, challenging the validity of the loan itself, and arising out of the mortgage transaction." *Guaba*, 2014 WL 6870995, at *2 (citing *Patetta v. Wells Fargo Bank, NA*, No. 09-2848, 2010 WL 1931256, at * 11 (D.N.J. May 13, 2010), *abrogation on other grounds recognized by Chambers v. Wells Fargo Bank, N.A.*, No. 15-6976, 2016 WL 3533998, at *4 n.5 (D.N.J. June 28, 2016); *Lichtenstein v. Select Portfolio Servicing*, No. 10-6234, 2011 WL 1560673, at *3–4 (D.N.J. Apr 25, 2011)).

Here, any claims not barred by claim preclusion would be barred by the Entire Controversy Doctrine. It is clear from the face of Plaintiff's TAC that the claims are germane to the underlying foreclosure action because those claims, which challenge the validity of the mortgage and the amount due, could have been raised in the prior foreclosure proceeding. Accordingly, the Court must dismiss the TAC against PHH Defendants and CIT Defendants because Plaintiff's claims are barred by claim preclusion or the Entire Controversy Doctrine. Because further amendment of the

Complaint against these parties would be futile, the Court dismisses the Complaint against these parties with prejudice.

### C.   Exhaustion of Administrative Remedies

Plaintiff's claims against FDIC, IndyMac or IndyMac Federal are dismissed for Plaintiff's failure to exhaust administrative remedies. Under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), FDIC is authorized to act as receiver of failed state banking institutions. 12 U.S.C. § 1821(c)(3); *Tellado v. IndyMac Mortg. Servs.*, 707 F.3d 275, 279 (3d Cir. 2013). In its capacity as receiver, FDIC may resolve claims against the failed institution. *FDIC v. Shain*, 944 F.2d 129, 132 (3d Cir. 1991). FIRREA "creates an administrative claims process for institutions in receivership and limits judicial review of certain claims." *Tellado*, 707 F.3d at 279. "[I]n order to obtain jurisdiction to bring a claim in federal court, [a plaintiff] must exhaust administrative remedies by submitting the claim to the receiver in accordance with the administrative scheme for adjudicating claims . . . ." *Id.* (citation omitted). Absent an exception, claims not submitted to FDIC by the "bar date" are deemed disallowed. *Centennial Assocs. Ltd. P'ship v. FDIC*, 927 F. Supp. 806, 810 (D.N.J. 1996). This includes any "claim relating to any act or omission of [a failed financial institution] or the [FDIC] as receiver." 12 U.S.C. § 1821(d)(13)(D); *Tellado*, 707 F.3d at 280 (second alteration in original). Even claims of "negligence and contract damages . . . fall within the categories enumerated in FIRREA's exhaustion provision because they would, if successful, require payment from the assets of . . . the depository institution for which the FDIC has been appointed receiver." *Centennial Assocs.*, 927 F. Supp. at 810.

Here, FDIC acts as receiver for IndyMac Bank and IndyMac Federal. (Grieser Decl. ¶¶ 3, 5, ECF No. 54-3.) FDIC set October 14, 2008 as the bar date for filing an administrative claim

13

against the IndyMac receivership, and August 26, 2009 as the bar date for filing an administrative claim against the IndyMac Federal receivership. (*Id.* ¶¶ 4, 6.) Plaintiff was aware FDIC was appointed as receiver of IndyMac Federal. (*See* Mar. 27, 2009 Facsimile, Pl.'s Opp'n Br. *12; Grieser Decl. ¶¶ 4, 8.) FDIC has no record of Plaintiff filing an administrative claim with either receivership, (Grieser Decl. ¶ 9), and Plaintiff does not plead that she filed an administrative claim. Accordingly, the Court finds that Plaintiff failed to exhaust administrative remedies and there is no basis to excuse Plaintiff's failure. The Court must dismiss Plaintiff's claims against FDIC, IndyMac, and IndyMac Federal because it lacks subject matter jurisdiction over these claims.

IV.   **CONCLUSION**

In sum, the Court grants PHH Defendants' Motion to Dismiss, CIT Group Defendants' Motion to Dismiss, and FDIC's Motion to Dismiss because Plaintiff's claims are barred and Plaintiff failed to exhaust administrative remedies.

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**