<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IRENE FIORELLO,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>SANTANDER BANK, et al.,<br><br>　　　　　　　Defendants. | Civil Action No. 19-10542 (MAS) (TJB)<br><br>**MEMORANDUM ORDER** |

<u>**SHIPP, District Judge**</u>

　　This matter comes before the Court upon pro se Plaintiff Irene Fiorello's ("Plaintiff") Motion for Reconsideration of the Court's July 28, 2020 Order dismissing Plaintiff's Third Amended Complaint ("TAC") with prejudice. (ECF No. 71.) Defendants Federal Insurance Deposit Company ("FDIC"), as receiver for IndyMac Bank, F.S.B., and IndyMac Federal Bank, F.S.B. ("FDIC-Receivers"), Defendants CIT Group Inc. and OneWest Bank ("CIT Defendants"), and Defendants Ocwen Loan Servicing, LLC and Deutsche Bank National Trust Company ("PHH Defendants") (collectively with FDIC-Receivers and CIT Defendants, "Defendants") all opposed (ECF Nos. 78, 80, 81), and Plaintiff replied. (ECF No. 85.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

　　Reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). It requires the moving party to set forth the factual matters or controlling legal authorities she

believes the Court overlooked when rendering its final decision. *See* L. Civ. R. 7.1(i). To succeed on a motion for reconsideration, a movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion [at issue]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A court commits clear error of law 'only if the record cannot support the findings that led to the ruling.'" *Rich v. State*, 294 F. Supp. 3d 266, 272 (D.N.J. 2018) (quoting *ABS Brokerage Servs., LLC v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010)). "Thus, a party must do more than allege that portions of a ruling were erroneous in order to obtain reconsideration of that ruling[.]" *ABS Brokerage Servs.*, 2010 WL 3257992, at *6. A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to ask the court to rethink what it has already thought through. *Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Khair v. Campbell Soup Co.*, 893 F. Supp. 316, 337 (D.N.J. 1995)).

In its July 28, 2020 Memorandum Opinion, the Court found that Plaintiff's claims failed for a variety of reasons. (*See generally* July 28, 2020 Mem. Op. ("Op."), ECF No. 61.) First, with respect to the PHH and CIT Defendants, the Court found that Plaintiff's claims against these entities were barred by claim preclusion and the Entire Controversy Doctrine. (*See id.* at 9–13.) Second, the Court dismissed Plaintiff's claims against the FDIC-Receivers due to Plaintiff's failure to exhaust administrative remedies against these entities. (*See id.* at 13–14.)

In the Motion for Reconsideration now before the Court, Plaintiff does not demonstrate either an intervening change in controlling law or the availability of new evidence not available at the time of the Court's July 28, 2020 Opinion. *See Quinteros*, 176 F.3d at 677. Nor does Plaintiff meet the standard required to establish clear error of law or fact. *See id.*

First, Plaintiff argues that she is entitled to trial by jury, which is guaranteed by the Seventh Amendment of the Constitution. (Pl.'s Letter in Supp. of Mot. for Recons. ("Pl.'s Letter") ¶ 1, ECF No. 71-1.) This argument fails because Plaintiff's alleged entitlement to a jury trial is irrelevant to the Court's decision regarding the substantive issues of preclusion and failure to exhaust administrative remedies.

Second, Plaintiff argues that she made a clerical error by requesting oral argument on the wrong page of the TAC. (Pl.'s Letter ¶ 2.) This clerical error is irrelevant with regard to Plaintiff's Motion for Reconsideration because the decision whether to have an oral argument is completely within this Court's discretion. (*See* L. Civ. R. 78.1(b)). In any event, the Court finds that oral argument would not have changed the outcome of the July 28, 2020 Opinion.

Third, Plaintiff argues that Adirondack Enterprises as the holder of the Promissory Note should join the litigation as a co-plaintiff. (*See* Pl.'s Letter ¶ 3.) This argument fails because the fact that Adirondack Enterprises is the holder of the Promissory Note is not new evidence that was not available when the Court granted the motion to dismiss at issue, thus it fails to satisfy the legal standard that warrants reconsideration. (*See* L. Civ. R. 7.1(i)).

Fourth, Plaintiff states that she never agreed with the State Chancery Court's decision. (Pl.'s Letter ¶ 4.) Plaintiff, however, never appealed the State Chancery Court's Order of Final Judgment of the Foreclosure Action. (*See* Final J., Ex. G to Notice of Mot. to Dismiss TAC, ECF No. 25-11.) As stated in the Memorandum Opinion granting Defendants' Motion to Dismiss, claim

preclusion, as well as the Entire Controversy Doctrine, bar Plaintiff's claims in so far as they relate to the State Chancery Court's Foreclosure Action. (*See* Op. 9–13.)

Fifth, Plaintiff alleges a tort claim. (*See* Pl.'s Letter ¶ 5.) But Plaintiff also offers documents showing that the purported tortious acts were, in fact, property management practices conducted on behalf of Defendants pursuant to the State Chancery Court's Final Judgment of Foreclosure. (*See* Ex. D to Pl.'s Letter *50–51, ECF. No. 71-3.) This allegation calls into question the State Chancery Court's Foreclosure Action by claiming property management practices conducted as a result of the Foreclosure Action were tortious in nature. (*See generally* Op.) The Court will not consider this allegation, however, because the Court does not have jurisdiction over issues relating to the State Chancery Court's Foreclosure Action. (*See generally id.*)

Sixth, Plaintiff insists that Defendants should be ordered to produce the original Promissory Note. (Pl.'s Letter ¶ 6.) Plaintiff previously raised this request in her TAC (*See generally* TAC), and the Court denied the request. (*See* Dec. 2019 Letter Order, ECF No. 55). Plaintiff again fails to demonstrate an intervening change in controlling case law or new evidence not previously available that would lead the Court to reconsider its previous rulings. *See Quinteros*, 176 F.3d at 677.

Seventh, Plaintiff realleges that she did pursue an FDIC claim against the Defendants. (Pl.'s Letter ¶ 7; *see also* TAC *22–23.) But, as the Court noted earlier, the "FDIC has no record of Plaintiff filing an administrative claim with either receivership . . . , and Plaintiff does not plead that she filed an administrative claim." (Op. 14). The Court, accordingly, will not reconsider this argument. *See Quinteros*, 176 F.3d at 677. Once again, Plaintiff fails to meet her burden in this regard.

Eighth, Plaintiff alleges that she has a maritime lien on the subject property. (Pl.'s Letter ¶ 8.) But this allegation is not properly raised in the instant Motion because it does not involve new evidence that was not available when the Court granted the motion to dismiss at issue. Accordingly, it fails to satisfy the legal standard for reconsideration. (*See* L. Civ. R. 7.1(i)). To the extent that this allegation raises a new cause of action, this allegation is not properly raised by the instant Motion because a motion for reconsideration is not an opportunity to raise new matters that could have been raised before the original decision was made. *See Bowers*, 130 F. Supp. 2d at 613.

Ninth, Plaintiff realleges bank fraud, conversion, unjust enrichment, negligence, violation of the New Jersey Consumer Fraud Act, and intentional infliction of emotional distress. ( Pl.'s Letter ¶ 9; *see generally* TAC.) The Court will not reconsider these allegations because a motion for reconsideration is not an opportunity to ask the Court to rethink what it has already thought through. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507.

Tenth, Plaintiff alleges that in 2013, certain laws were "put in place" to "[make] banks responsible for all third parties[,]" attempting to hold Defendants liable for a tort claim she newly alleges in paragraph 5 of the present Motion for Reconsideration (*See* Pl.'s Letter ¶ 10.) Since this originates from the tort allegation Plaintiff raises in her Motion for Reconsideration, the Court will not consider this allegation because the Court does not have jurisdiction over issues relating to the State Chancery Court's Foreclosure Action. (*See generally* Op.)

Finally, Plaintiff realleges that this Court has proper jurisdiction over this lawsuit. ( Pl.'s Letter ¶ 11.) But as stated above, Plaintiff's claims against Defendants at issue are barred by either claim preclusion, the Entire Controversy Doctrine, or her failure to exhaust administrative remedies. (*See generally* Op.) The Court will not reconsider the jurisdictional issue because a

motion for reconsideration is not an opportunity to ask the Court to rethink what it has already thought through. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507.

Accordingly,

**IT IS** on this 27th day of March 2021 **ORDERED** that:

1. Plaintiff's Motion for Reconsideration (ECF No. 71) is **DENIED**.

/s/ Michael A. Shipp

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**