UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IRENE FIORELLO,** | Civil Action No. 19-10542 (MAS) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| **SANTANDER BANK, et al.,** | |
| Defendants. | |

**BONGIOVANNI, United States Magistrate Judge**

Currently pending before the Court is Plaintiff Irene Fiorello's ("Plaintiff's") motion to amend the pleadings. (Docket Entry Nos. 91, 99). Defendants (1) CIT Group Inc. and OneWest Bank (the "CIT Defendants"); (2) Ocwen Loan Servicing, LLC ("PHH") and Deutsche Bank National Trust Company ("Deutsche Bank") (collectively, the "PHH Defendants"); and (3) Santander Bank, N.A. ("Santander") have opposed Plaintiff's motion on the grounds of lack of standing, futility, and undue delay. The Court has fully reviewed the arguments made in support of and in opposition to Plaintiff's motion. The Court considers Plaintiff's motion to amend without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Plaintiff's motion to amend is DENIED.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

The facts of this case are set forth more fully in the District Court's opinion dated July 28, 2020 (Docket Entry No. 61) granting the motions to dismiss by the CIT Defendants (Docket Entry No. 30), the PHH Defendants (Docket Entry No. 25), and the Federal Insurance Deposit Company ("FDIC") as receiver for IndyMac Bank, F.S.B. ("IndyMac") and IndyMac Federal Bank

("IndyMac Federal") (Docket Entry No. 54).  The Court sets forth the facts relevant to the instant motion to amend here.

On January 26, 2005, Plaintiff executed a Promissory Note ("Loan") to IndyMac for $258,400.00 secured by a non-purchase money mortgage (the "Mortgage") to Mortgage Electronic Registration Systems, Inc. as Nominee for IndyMac ("MERS").  (Note at *2,[1] Ex. A. to PHH Defs.' Mot. To Dismiss, Docket Entry No. 25-5; Mortgage at *4, Ex. B to PHH Defs.' Mot. To Dismiss, Docket Entry No. 25-6).  The Mortgage was secured by real property located at 58 Heron Court, Manalapan, New Jersey 07726 (the "Property").  (Mortgage at *5).  On April 22, 2013, MERS assigned the Mortgage to Deutsche Bank.  (Assignment at v*2, Ex. C to PHH Def.' Mot. To Dismiss, Docket Entry No. 25-7).

Plaintiff alleges that on March 31, 2007, she rescinded the written authorization she had provided to IndyMac in 2005 to withdraw funds from her Sovereign Bank (now Santander) checking account.  (Third Amended Complaint ("TAC") at *3, Docket Entry No. 8).  Her alleged injuries in this case stem from the continued withdrawal of funds from her Santander checking account by IndyMac Federal and OneWest Bank from May 2007 to November 2012 and an unauthorized electronic withdrawal from her Santander money market account on April 26, 2013. (*Id.*)

On July 11, 2008, the U.S. Department of Treasury's Office of Thrift Supervision seized control of IndyMac and transferred certain assets to a new entity, IndyMac Federal.  (TAC at *22). In March 2009, substantially all of IndyMac's assets were sold to OneWest Bank, including its mortgage servicing operations.  (*Id.* at *22-23).  Both IndyMac and IndyMac Federal were then in FDIC receivership.  (*Id.*)  From March 1, 2009 to December 1, 2013, One West was the servicer

---

[1] Page numbers preceded by an asterisk refer to the page number of the ECF header.

of Plaintiff's Loan, at which time it transferred servicing to PHH.  (Opp'n to Final J. in State Foreclosure Proceeding at *4, Ex. O to CIT Defs.' Mot. To Dismiss, Docket Entry No. 30-17).  On August 3, 2015, CIT Group Inc. purchased OneWest Bank and took over Plaintiff's Loan.  (CIT Defs.' Moving Br. at 3, Docket Entry No. 30-1).

On September 1, 2012, Plaintiff defaulted on her Mortgage.  (Foreclosure Action Compl. ¶ 7, Ex. A to CIT Defs. Mot. to Dismiss, Docket Entry No. 30-3).  On June 22, 2016, Deutsche Bank commenced foreclosure proceedings in the Chancery Division of the New Jersey Superior Court, Monmouth County ("Foreclosure Action").  (*See generally id.*).  Plaintiff filed a Contesting Answer, Counterclaim, Cross-Claim, Third Party Complaint, and Jury Demand in the Foreclosure Action on August 16, 2016.  (*See generally* Foreclosure Action Answer, Ex. B to CIT Defs.' Mot. to Dismiss, Docket Entry No. 30-4).

On April 11, 2017, Plaintiff filed for Chapter 7 Bankruptcy Protection.  (Notice of Bankruptcy Filing, Ex. F to CIT Defs.' Mot. to Dismiss, Docket Entry No. 30-8).  On June 27, 2017, the Property was abandoned from the Bankruptcy Estate.  (Certification of No Objection, Ex. H to CIT Defs.' Mot. to Dismiss, Docket Entry No. 30-10).  On September 28, 2017, the court granted Deutsche Bank's motion for summary judgment and denied Plaintiff's cross-motion for summary judgment.  (Foreclosure Case Summ. at *5, Ex. C to CIT Defs.' Mot. to Dismiss, Docket Entry No. 30-5).  On October 17, 2017, Plaintiff moved for reconsideration, which was later denied.  (*Id.* at *5-6).  On March 18, 2019, Deutsche Bank moved for final judgment, and Plaintiff filed an objection that argued that multiple payments on her Loan withdrawn from her Santander bank account in 2012 were not properly credited to the Loan or reflected in the amount due.  (Opp'n to Final J. at *17, Ex. O to CIT Defs.' Mot. to Dismiss, Docket Entry No. 30-17).  Final judgment was entered on July 18, 2019.  (Final J. Order, Ex. P to CIT Defs.' Mot. to Dismiss, Docket Entry

No. 30-18; *see* Foreclosure Case Summ. at *8). Plaintiff did not appeal this decision. (Foreclosure Case Summ. at *8-9).

Before the final judgment in the Foreclosure Action, Plaintiff filed this lawsuit on April 19, 2019. (Compl., Docket Entry No. 1). Plaintiff asserts claims for breach of contract, various torts, and violations of several criminal statutes. (*See generally* TAC). Plaintiff seeks damages of $179,465.70 for the alleged unauthorized withdrawals, $4 million in unsubstantiated restitution damages, treble damages, interest, fees, and costs. (*Id.* at *4).

On July 28, 2020, the District Court granted the motions to dismiss filed by CIT Defendants (Docket Entry No. 30), PHH Defendants (Docket Entry No. 25), and FDIC as receiver for IndyMac and IndyMac Federal (Docket Entry No. 54) (Opinion ("MTD Opinion 1") and Order at Docket Entry Nos. 61, 62 respectively). The District Court held that "claim preclusion bars Plaintiff's claims against the parties previously involved in the Foreclosure Action," which includes CIT Group, Inc., Deutsche Bank, PHH, IndyMac, and the FDIC. (MTD Opinion 1 at 10-11). Alternatively, the District Court held that Plaintiff's claims are barred by the Entire Controversy Doctrine "because those claims [in the TAC], which challenge the validity of the mortgage and the amount due, could have been raised in the prior foreclosure proceeding." (*Id.* at 11-12). Notably, the District Court stated, "Because further amendment of the complaint against these parties would be futile, the Court dismisses the Complaint against these parties with prejudice." (*Id.* at 12-13). Finally, the District Court dismissed Plaintiff's claims against the FDIC, IndyMac, and IndyMac Federal for failure to exhaust administrative remedies, resulting in a lack of subject matter jurisdiction. (*Id.* at 13-14). On March 27, 2021, the District Court denied Plaintiff's motion for reconsideration of the District Court's decision granting the three previous motions to dismiss, which was filed on October 1, 2020 (Docket Entry No. 71). (Docket Entry No. 100).

On April 12, 2021, the District Court granted Santander's motion to dismiss under Rule 12(c), which filed on September 25, 2020 (Docket Entry No. 68). (Opinion ("MTD Opinion 2"), Docket Entry No. 101) ("For the same reasons stated in its July 28, 2020 Memorandum Opinion, Defendant's current Motion is granted because Fiorello's claims against Santander are either barred by claim preclusion or the Entire Controversy Doctrine.")

On December 1, 2020, Plaintiff filed this motion to amend, seeking to add her son, Damiano Fiorello, as a plaintiff. (Docket Entry No. 91). She alleges that the checking and money market accounts from which the unauthorized transfers were made were custodial accounts for her son established under the Uniform Transfers to Minors Act. (Docket Entry No. 91 at *3; Docket Entry No. 91-1 at *2). The CIT Defendants (Docket Entry No 94), PHH Defendants (Docket Entry No. 98), and Santander (Docket Entry No. 97) filed their opposition, and Plaintiff replied (Docket Entry No. 99).[2]

## II.   ANALYSIS

### A.   Standard of Review

Pursuant to Rule 15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman*, 371 U.S. at 182; *see Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2002). However, where there is an absence of undue delay, bad faith,

---

[2] The FDIC, IndyMac, and IndyMac Federal were previously terminated from the case based on the District Court's ruling on their motion to dismiss.

prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

In deciding whether to grant leave to amend, "prejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (quoting *Cornell & Co., Inc. v. Occupational Health and Safety Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)). Delay alone, however, does not justify denying a motion to amend. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Rather, it is only where delay becomes "'undue,' placing an unwarranted burden on the court, or . . . 'prejudicial,' placing an unfair burden on the opposing party" that denial of a motion to amend is appropriate. *Adams v. Gould Inc.,* 739 F.2d 858, 868 (3d Cir. 1984).

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To determine if an amendment is "insufficient on its face," the Court utilizes the motion to dismiss standard under Rule 12(b)(6) (*see In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002); *Alvin*, 227 F.3d at 121) and considers only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the party's claims are based upon same. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

To determine if a complaint would survive a motion to dismiss under Rule 12(b)(6), the Court must accept as true all the facts alleged in the pleading, draw all reasonable inferences in favor of the plaintiff, and determine if "under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as

true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Put simply, the alleged facts must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on "'whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Bell Atl. Corp.*, 550 U.S. at 563 n.8 (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974)). Additionally, in assessing a motion to dismiss, while the Court must view the factual allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

### B. Discussion

Plaintiff seeks to amend her Third Amended Complaint to add her son, Damiano Fiorello, as a plaintiff. The Court denies Plaintiff's motion to amend on the grounds of undue delay and futility and therefore finds it unnecessary to address the issue of standing.

On the first point regarding undue delay, Plaintiff knew at all times during the instant case that the checking and money market accounts were custodial accounts. At no point up to and including filing her Third Amended Complaint did Plaintiff seek to add her son as a party. In fact, Plaintiff did not clarify until her reply on this motion that Damiano Fiorello is "over the age of 21" and capable of asserting his own legal rights. (Affidavit and Certification of Damiano Fiorello, Docket Entry No. 99-8). As such, granting Plaintiff's motion would result in unacceptable additional burdens on the Court and Defendants.

On the second point regarding futility, the District Court's first motion to dismiss opinion states clearly that "further amendment of the complaint against these parties would be futile" (MTD Opinion 1 at 12-13) and its second motion to dismiss Opinion adopts the reasoning of the first (MTD Opinion 2 at 1).  Plaintiff's claims are barred by claim preclusion and the Entire Controversy Doctrine.  In addition, the District Court dismissed Plaintiff's claims against FDIC, IndyMac, and IndyMac Federal for failure to exhaust administrative remedies and a consequent lack of subject matter jurisdiction.  The proposed amendment is futile with respect to these terminated parties as well.

In light of the foregoing, Plaintiff's alleged facts do not support any plausible claim for relief.  As a result, Plaintiff's motion to amend is denied because of undue delay and futility.

### III.   CONCLUSION

For the reasons stated above, Plaintiff's motion to amend is DENIED.  An appropriate Order follows.


Dated:  April 22, 2021


s/ Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**